

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# USA v. Silman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2492

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Silman" (2008). *2008 Decisions*. Paper 807.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/807

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2492

_____

UNITED STATES OF AMERICA

v.

JESSICA L. SILMAN,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 06-cr-00035)
District Judge: Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before: RENDELL, SMITH, and FISHER , Circuit Judges.

(Filed:  July 24, 2008)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Jessica Silman appeals her conviction for making a false, fictitious, and fraudulent statement to government officers in violation of 18 U.S.C. § 1001(a)(2). For the reasons that follow, we will affirm Silman's conviction.

Because we write for the parties, we set out only those facts which are pertinent to our analysis. On December 9, 2005, Anthony Rodrigues, a confidential informant, informed FBI agents of a conspiracy between himself, Joshua Rovnak, and Jarrod Ross, Silman's boyfriend, to rob a bank in Erie, Pennsylvania. Later that day, Rodrigues, wearing a recording device provided by the FBI, engaged Ross and Silman in a conversation regarding the details of the robbery plan. On December 12th, before the planned robbery could occur, police apprehended Ross and Rovnak outside the National City Bank identified as the target of the robbery.

FBI agents questioned Silman about her involvement in and knowledge of the bank robbery on two occasions. On December 12, 2005, in response to the agents' questions, Silman lied about her name and her birth date and indicated she had no knowledge of the robbery plan. In an interview conducted by FBI and state police agents on December 15, 2005, after being advised of the content of 18 U.S.C. § 1001, specifically having read a copy of § 1001, and admitting that she may have made a false statement in violation of subsection (2) on December 12th, Silman told agents that she

2

may have heard Rovnak and Rodrigues discuss plans to rob a bank, but never heard Ross speak of a bank robbery. FBI agents then presented Silman with recordings of telephone conversations she had with Ross while he was detained in Erie County Prison after his arrest. In the recordings, Ross and Silman discuss the bank robbery. Even after listening to these recordings, Silman continued to deny both her own and Ross's involvement in the robbery. Before the two interviews, the agents knew Silman's role only as revealed on the recordings. They did not know whether she had any role beyond that or whether there were any additional co-conspirators or illegal activity.

On June 13, 2006, a grand jury in the Western District of Pennsylvania returned an indictment charging appellant Jessica Silman with the violation of 18 U.S.C. § 1001(a)(2). The indictment charged that Silman made a materially false statement when she stated she had no knowledge of any plan to commit bank robbery. On January 23, 2007, a jury found Silman guilty. On May 4, 2007, the District Court sentenced her to six months' imprisonment to be followed by two years' supervised release. Silman filed a timely notice of appeal.

On appeal, Silman contends that her conviction for knowingly and willfully making a materially false, fictitious, and fraudulent statement was based on insufficient evidence because the Government failed to show that the statements were material.

In reviewing the sufficiency of the evidence, "[w]e must view the evidence in the light most favorable to the Government and sustain the verdict if any rational juror could

3

have found the elements of a crime beyond a reasonable doubt." *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004). The Supreme Court has held that materiality is an element under 18 U.S.C. § 1001 and that the question of whether a statement is material must be answered by the jury. *United States v. Gaudin*, 515 U.S. 506, 522-23 (1995); *see also Johnson v. United States*, 520 U.S. 461 (1997).

Materiality of a statement does not turn on whether the investigators would have believed the statement or whether the statement influenced the investigation. *United States v. McBane*, 433 F.3d 344, 351 (3d Cir. 2005) (citing *Brogan v. United States*, 522 U.S. 398 (1998)). Rather, a statement is material if it is of a type "capable of influencing a *reasonable* decisionmaker." *Id*. (emphasis in original). In *McBane*, we concluded that a defendant's denial of criminal conduct was material despite agents' knowledge of its falsity because it would still normally have been capable of influencing a criminal investigation. *Id.* at 352. Here too, it does not matter that Silman's statements did not actually influence the agents. The jury could have found that, like the defendant's false statements in *McBane*, Silman's false statements were material because they were of a type capable of influencing a reasonable decisionmaker investigating the scope of the conspiracy and the degree of responsibility of the persons who may have been involved. Viewing the evidence in the light most favorable to the government, we find no basis for overturning the jury's verdict.

For the foregoing reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.